IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                   ) | 02: 06cr0293-06 |
| ) | |
| RENARDO HOLLEN                    ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER OF COURT**

Defendant, Renardo Hollen, was indicted by a Grand Jury on August 29, 2006, and charged with one count of Conspiracy, in violation of Title 18, United States Code, § 371, and four (4) counts Mail Fraud, in violation of Title 18, United States Code, §§ 1341 and 2.

On April 30, 2007, Defendant, through counsel, filed several pretrial motions, including the instant MOTION TO SUPPRESS STATEMENTS (*Document No. 160-3*).

On May 14, 2007, the Court conducted an evidentiary hearing on the Motion to Suppress. At the hearing, all parties were represented by counsel who presented and argued the issues skillfully and effectively. Randy Hayden, United States Postal Inspector, testified on behalf of the government. No other witnesses testified.

The central issues at the hearing were whether Defendant was in custody and whether he voluntarily gave oral statements during his interview with Postal Inspectors on April 5, 2006.

A transcript of the testimony adduced at the suppression hearing has not been transcribed to date; however, the Court is prepared to issue its Findings of Fact and Conclusions of Law based upon its notes, recollection, and hearing exhibits.

The Court will discuss primarily those basic facts which are relevant to the motion and except as otherwise indicated the following facts are basically unrebutted. Based on the

testimony and evidence presented at the suppression hearing and the applicable law, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. United States Postal Inspector Randy Hayden ("Hayden") is on the same mail fraud team as Inspector Tammy Thornhill, who is the main case agent in this case. Hayden had attended three (3) or four (4) meetings with Inspector Thornhill in which the background of the investigation of alleged fraud committed at Capital Asset Protection was discussed. The mail fraud team was divided up to conduct witness interviews; Hayden and United States Postal Inspector Joanne Pope ("Pope") were assigned the task to interview the Defendant.

2. On April 5, 2006, at approximately 10:00 A.M., Hayden and Pope arrived at 304 Eighth Street, Toronto, Ohio, the residence of Defendant, Renardo Hollen. The purpose of the meeting was to "gather facts" about the postal investigation of possible fraud which occurred at Capital Asset Protection. Hayden and Pope traveled to Defendant's residence in an unmarked Chevy Trailblazer. Both Hayden and Pope wore plain clothes.

3. The inspectors knocked at the door of the single-family residence and Defendant appeared at the doorway. Hayden showed Defendant his Postal Inspector identification and law enforcement badge and told Defendant that the inspectors wanted to speak with him. Defendant suggested that the interview take place outside because of the distraction caused by "a number of puppies" which were in the house. Hayden suggested that they could talk either on the front porch or in Hayden's vehicle, which was parked in front of

Defendant's home.  As there was no furniture on the front porch, Hayden, Pope, and Defendant walked to Hayden's vehicle together.

      4.      Hayden told Defendant he could sit in the front passenger seat, which would enable Hayden and Defendant to talk face-to-face as Hayden would sit in the driver's seat; Pope sat in the rear seat.

      5.      Hayden did not read Defendant his *Miranda* rights because, according to Hayden, Defendant was free to go whenever he wanted.  Hayden never told Defendant he was under arrest or that he was not free to go.  Defendant was not handcuffed nor was he patted down.  Hayden testified that if he had an arrest warrant, Defendant would have been arrested upon appearing at the doorway and he would have read Defendant his *Miranda* rights upon his arrest.

      6.      The meeting with Defendant lasted approximately thirty (30) minutes.  Hayden conducted the "interview."   During the interview, Defendant denied any wrongdoing and made no admissions.  Defendant appeared not to be under the influence of drugs or alcohol and appeared to comprehend the situation.  Hayden may have written down some things, but Pope took the majority of notes.  Defendant was never shown the notes of either Hayden or Pope.

      7.      The interview concluded with Hayden serving Defendant a Grand Jury Subpoena for a handwriting exemplar and fingerprints.  Hayden gave Defendant the name of Inspector Thornhill and told him that he could arrange for an appearance prior to the date and time on the Subpoena.  Defendant asked if he was being charged, and Hayden responded, "No,

not right now. This is a subpoena." Hayden testified that the interview came to a natural end after Defendant was served with the subpoena.

8. After Defendant was served with the Grand Jury Subpoena, Hayden told him that Hayden and Pope would also like to ask Michele Hollen, Defendant's wife, some questions. Ms. Hollen then came to Hayden's vehicle and Hayden proceeded to interview her.

## CONCLUSIONS OF LAW

1. Initially, the Court observes that the "proponent of a motion to suppress bears the burden of establishing that his [constitutional] rights were violated." *United States v. Leveto*, 343 F. Supp.2d 434, 441 (W.D. Pa. 2004) (citing to *United States v. Acosta*, 965 F.2d 1248, 1257 n. 9 (3d Cir. 1992))(*Rakas v. Illinois*, 439 U.S. 128, 130 n. 1 (1978)).

2. The burden of proof in a suppression motion is a preponderance of evidence standard. *Leveto*, 343 F. Supp.2d at 441-42 (*citing United States v. Matlock,* 415 U.S. 164, 178 n. 14 (1974)) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence.").

3. It is well-established that law enforcement officers must administer *Miranda* warnings whenever a suspect is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." *Miranda v. Arizona*, 384 U.S. 436, 478-479 (1966).

4. A person is in custody when he either is arrested formally or his freedom of movement is restricted to "the degree associated with a formal arrest." *United States v. Willaman*, 437 F.3d 354 (3d Cir.), *cert. denied,* -- U.S. --, 126 S. Ct. 2902 (2006)(quoting

*United States v. Leese*, 176 F.3d 740, 741 (3d Cir. 1999)).  For a person to be in custody when he has not been arrested, "something must be said or done by the authorities, either in their manner of approach or in the tone or extent of their questioning, which indicates that they would not have heeded a request to depart or to allow the suspect to do so." *Steigler v. Anderson,* 496 F.2d 793, 799 (3d Cir.1974).  Thus, "police officers are not required to administer *Miranda* warnings to everyone whom they question." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977).

      5.      As explained by the Court of Appeals for the Third Circuit:

> This inquiry requires us to consider the totality of the circumstances surrounding the interrogation, which includes examining the events that occurred and the background, experience, and conduct of the defendant. *Miranda* rights will be deemed waived only where the totality of the circumstances "reveal[s] both an uncoerced choice and the requisite level of comprehension.

*United States v. Sriyuth,* 98 F.3d 739, 749 (3d Cir. 1996) (*quoting Moran v. Burbine,* 475 U.S. 412, 421) (citations omitted); *see also, Reinert v. Larkins*, 379 F.3d 76 (3d Cir. 2004).

      6.      The totality of the circumstances include: 1) evidence of police coercion; 2) the location or physical surroundings of the interrogation; 3) the length of the interrogation; 4) whether the officers used coercive tactics such as hostile tones of voice, the display of weapons, or physical restraint of the suspect's movement; and 5) whether the suspect voluntarily submitted to questioning.  *Willaman*, 437 F3d. at 359-60; *see also United States v. Swint,* 15 F.3d 286, 289 (3d Cir. 1994).

      7.      The government bears the burden of proving by a preponderance of the evidence that defendant's statements were made voluntarily.  *Swint*, 15 F.3d at 289 (3d Cir. 1994); *Arizona v. Fulminante,* 499 U.S. 279, 285-89 (1991).

8. The evidence adduced at the suppression hearing reflects that Defendant walked on his own accord to the Chevy Trailblazer without the use of physical force or restraint from the postal inspectors.

9. The evidence also reflects that Defendant spoke in a conversational manner to Inspectors Hayden and Pope and that Defendant did not object to being questioned by the inspectors and he did not resist answering Inspector Hayden's questions.

10. The undisputed evidence reveals that Inspector Hayden spoke to Defendant in a conversational manner and that the interview was friendly. Further, Defendant does not contend that the officers used any psychological ploys or deceptive stratagems during the interview.

11. Defendant was not placed under arrest during questioning or at the conclusion of the interview. Instead, Defendant returned to his residence, and his wife then came to the Chevy Trailblazer to be interviewed by the postal inspectors.

12. This Court has carefully reviewed the entire record and finds from the totality of the circumstances that Defendant was not in custody when interviewed by Inspectors Hayden and Pope on April 5, 2006. Defendant was not handcuffed or restrained in any manner before, during, or after the interview. Defendant walked on his own accord to the Chevy Trailblazer without the use of physical force or restraint from the inspectors. The inspectors informed Defendant at the onset of the interview that he was not in custody and that he was not under arrest. A reasonable person under the circumstances of the interview would have felt free to terminate the interview and leave. The Court expressly finds that Defendant was <u>not</u> in custody during the interview conducted by Inspectors Hayden and Pope on April 5, 2006.

        13.     The Court finds that the statements made by Defendant were voluntary. Defendant was an adult at the time of the interview. In addition, Defendant was not under the influence of drugs or alcohol at the time of questioning. A careful review of the entire record and the totality of the circumstances clearly supports a finding that the statement(s) provided by Defendant to Inspectors Hayden and Pope were voluntary in nature.

        14.     It is significant to note that the record does not show that Defendant's will was overcome by any coercive tactics of the officers. The interview lasted approximately thirty (30) minutes, and there was no evidence presented which establishes that the actions of the inspectors caused Defendant's will to be so overborne that his decision to speak with law enforcement was the result of coerced choice.

        15.     The Court finds that the Defendant voluntarily gave his statements to Postal Inspectors Hayden and Pope.

## **CONCLUSION**

For the reasons hereinabove stated, the Motion to Suppress (*Document No. 160-3*) filed by Defendant will be denied. An appropriate Order follows.

                                                        McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   02:  06cr0293-06 |
| | ) |
| RENARDO HOLLEN | ) |

**ORDER OF COURT**

**AND NOW**, this 21st day of May, 2007, upon consideration of the Motion to Suppress filed by Defendant (*Document No. 160-3)*, and after an evidentiary hearing, the Court enters the foregoing Findings of Fact and Conclusions of Law.

NOW THEREFORE, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that Defendant's Motion to Suppress Statements is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry,
United States District Judge

cc:     Shaun E. Sweeney,
        Assistant U.S. Attorney
        Email: shaun.sweeney@usdoj.gov

        Vincent Baginski, Esquire
        Email: vince@baginski.net